### Henry J. Schneider, Appellant, v. Belleville Deep Well Water Company, Appellee.

CONTRACT—*when does not establish novation.* In order that a third party may be bound to pay a debt of another who has given an order upon him for the payment thereof, it must appear that such third party has accepted such order or promised to pay such debt; the making of a payment upon account of such debt is not of itself sufficient to establish a novation.

Action commenced before justice of the peace. Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1908. Affirmed. Opinion filed September 12, 1908.

JAMES O. MILLER, for appellant.

CHARLES A. KARCH and L. N. PERRIN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit commenced by appellant against appellee, before a justice of the peace of St. Clair county, to recover upon an order given to appellant by one O. G. Wilson, on appellee. From the judgment of the justice of the peace the case was appealed to the Circuit Court of St. Clair county, where trial *de novo* by jury was entered upon. At the close of appellant's evidence the trial court excluded all the evidence and directed the jury to return a verdict finding the issues for the defendant. The jury returned a verdict as directed and the court rendered judgment thereon.

The O. G. Wilson above mentioned had some sort of a contract with appellee whereby he had undertaken to bore two wells for it, designated as wells No. 27 and 28; appellant had furnished coal to the amount of $137.15, to Wilson, which was used by him in connection with his operations in boring well No. 27. When appellant presented his bill to Wilson, Wilson said to him: "As soon as the wells are drilled then I get my money and you will get yours;" and on that occasion gave him an order on appellee as follows: "Belleville, Illinois, January 4, 1907, Deep Well Water Co.: Please pay Mr. Henry Schneider for the coal used on wells 27 and 28, when the wells are completed, and charge to my account.  O. G. Wilson."

Appellant presented this order to a Mr. Slocumb who was acting as superintendent for appellee, and Slocumb said "he would take it over to the St. Louis office, that if they accepted it, it would be all right." The order was never taken over to the St. Louis office, and was never presented to the company anywhere other than to Slocumb as above noted. Some days after the order was presented to Slocumb, appellant received a communication over the 'phone from some one at the water-works office, to "come and get

his money." He went down to the office in response to the call and a clerk there paid him "fifty dollars on the bill," and the clerk said, "They must have accepted your order, otherwise they would not pay you this money." Appellant never delivered any more coal after obtaining the order from Wilson; and Wilson never bored well 28, nor commenced to bore it; there is no evidence that appellee owed Wilson anything more on the transaction mentioned in the order than the fifty dollars paid thereon to appellant; there is no evidence tending to prove an unqualified acceptance of the order by appellee, or promise on its part to pay the full amount of it, without regard to its then present or future relations to Wilson, with respect to the transaction on which the order was based, and further, the order on its face specifies that it is to be paid "when the wells are completed," and the wells were never completed.

It is not claimed, that Slocumb accepted the order, nor that the clerk at the water-works office accepted it. The undisputed evidence is that it was never presented at the company's office over in St. Louis, and what the clerk at the water-works office said, was a mere unwarranted inference of his own, and was not binding upon appellee. Under the undisputed facts of this case the payment of the fifty dollars on appellant's bill, in response to the order, neither proves nor tends to prove such acceptance of it, or such unqualified promise to pay the whole bill as to make it the debt of appellee.

The judgment of the Circuit Court is affirmed.

*Affirmed.*